### † ERSKINE *versus* DECKER.

A purchaser of real estate, for a full consideration, of one who has the recorded title, without any knowledge that it was held under a fraudulent conveyance, will be protected in his title against the creditors of the fraudulent grantor.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding. WRIT OF ENTRY.

The demandant's title originated in a levy upon the premises as the property of Nathaniel Leighton.

The tenant claimed title, and it appeared that Nathaniel Leighton conveyed the premises to Abiel Erskine in Oct. 1849, which deed was acknowledged and recorded on Dec. 19, 1849.

That on the same day Erskine conveyed the same to Sarah A. Leighton, wife of Nathaniel, which was then recorded; and on Oct. 26, 1850, Sarah A. and her husband conveyed the premises to tenant, who paid $800 therefor, and the latter deed was also recorded on Nov. 5, 1850.

It was contended by demandant that the deed from Na-thaniel Leighton to Erskine was fraudulent, and in conse-quence the other deeds conveyed no title.

(The report did not show when the levy was made, but it is supposed to have been made after the tenant had pur-chased.)

It was agreed that if in the opinion of the Court this action can be maintained on proof that the deed from Leighton to Erskine was fraudulent and void, the cause is to stand for trial; otherwise a nonsuit to be entered.

*Hubbard*, for the tenant.

*Ingalls*, for demandant.

TENNEY, J. — The demandant claims to hold a title to the land in question under a levy of an execution against Na-thaniel Leighton in favor of James Erskine, which had been assigned to him previous to the extent upon the premises; and by a deed from James Erskine to himself.

The tenant holds under a deed from Sarah A. Leighton and Nathaniel Leighton, given to him on Oct. 26, 1850, recorded Nov. 5, 1850. Sarah A. Leighton had a conveyance of the same from Abiel Erskine, by deed dated Dec. 19, 1849, and recorded the same day. Abiel Erskine took a deed from Na-thaniel Leighton on Oct. 6, 1849, recorded Dec. 19, 1849. The deed last mentioned was resisted, as fraudulent, and it was contended that the other deeds conveyed no title.

The evidence adduced was reported; and by the agree-ment of parties, upon that evidence, unless the demandant can maintain his action by showing merely, that the deed from Nathaniel Leighton to Abiel Erskine is fraudulent and void, he is to become nonsuit. His right to recover is not to depend upon the question whether the tenant had notice of such fraud, if it existed, or of the circumstances under which that deed was given. Nothing is presented in the evidence, tending in the slightest degree to prove, that he had any knowledge whatever of the facts touching that conveyance. When he took his deed, there is no suggestion

that he did not pay a full consideration therefor; and the prior deeds of the land from Nathaniel Leighton to Abiel Erskine, and of the latter to Sarah A. Leighton, were duly recorded. And the tenant, being an innocent purchaser, for consideration, is entitled to hold the premises according to the settled doctrine of the law. *Goodale, adm'r,* v. *Nichols,* and *Sutton* v. *Lord,* reported in 1 Dane's Abr. 631, as having been decided in the county of Essex, the former in 1793, and the latter in 1808. The same principle is recognized in *Somes* v. *Brewer,* 2 Pick. .184, and in *Rowley* v. *Bigelow,* 12 Pick. 307; also in *Neal* v. *Williams,* 18 Maine, 391, and numerous other authorities.

*Plaintiff nonsuit.*